Kathleen A. McCallister
Chapter 13 Trustee
P.O. Box 1150
Meridian, ID 83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
kam@kam13trustee.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| IN RE: | CASE NO. 20-00279-NGH |
|---|---|
| **CATHERINE JENNIFER CUTLER,** | CHAPTER 13 |
| Debtor(s). | |

**TRUSTEE'S RESPONSE TO DEBTOR(S)' PROPOSED
MODIFICATION OF CHAPTER 13 PLAN**

The Debtor(s)' Proposed Modification of Chapter 13 Plan (docket no. 37) is:
☐ set for hearing on _____.
☒ set for negative notice, objections due by <u>October 25, 2021</u>.

1. Relevant case information:

| A. | Date case filed | March 19, 2020 |
|---|---|---|
| B. | Total needed to complete plan * | $12,833 |
| C. | Total paid in | $5,451 |
| D. | Balance due to date | $7,865 |
| E. | Monthly payments | $276 |
| F. | Approximate percentage to unsecured creditors | 9% |
| G. | Months left to complete plan | 18 |
| H. | Current Default | $2,414 |

*Figures contained herein are not payoff figures and may not include tax refunds which are required to be paid into the plan in addition to monthly plan payments. A payoff letter must be requested in writing from the Trustee's office.

2. The proposed modification results in the following:
   ☐ Reduction of payment from $_____per month to $_____per month
   ☐ Reduction in percentage to unsecured claimants from ___ to ___.
   ☐ Increase in length of plan term from ___to ___ months.
   ☒ Other changes: Default in Debtor's mortgage created due to forbearance granted as a result of the COVID-19 pandemic shall be treated as a second lien on Debtor's real property to be paid upon the maturity of the first lien, or upon the sale or refinance of the property.

3.  Reason for proposed modification: Forbearance of Debtor's direct payments under the plan to her mortgage servicer due to the COVID-19 pandemic.

4.  Trustee's recommendation:
    A. ☐  The Trustee has no objection to the proposed modification.
    B. ☒  The Trustee objects to the proposed modification for the following reasons:
        ☐ The proposed modification is not feasible.
        ☐ The proposed modification will not complete within 60 months [11 USC § 1325(a)(4)].
        ☐ The proposed modification fails to meet the liquidation value [11 USC § 1325(a)(4)].
        ☒ The proposed modification fails to provide for all the Debtor(s)' disposable income [11USC § 1325(b)(1)] based on income higher and, as a result, the Debtor(s) has/have failed to file a Chapter 13 Plan in good faith [11 USC § 1325(a)].
        ☒ The Debtor(s) has/have failed to cooperate with the Trustee [11 USC § 521(a)(3) & (4)] as the following document(s) was/were not provided: account ending in 9544 and Venmo.

5.  Trustee's Notes: Debtor filed this case in March or 2020. At that time, she had income from wages of $4553.66 per month or yearly gross income of $54,643.92. The plan was confirmed on July 20, 2020. The confirmed plan only pays unsecured creditors approximately 9% of their allowed claims. The Debtor filed a motion to modify her plan to allow her to give Idaho Housing a junior lien in the amount of $19,944 in arrears for failing ot make her mortgage payments from June 2020 through May 2021. Thus, at the time the debtor's plan was confirmed she had already entered into a forbearance agreement and stopped making her mortgage payments as provided in her proposed plan. Debtor does not have a change in circumstances and really never complied with the provisions of her plan.

    Debtors tax returns reveal that her income in 2020 (not including social security) was $55,878 or $1,234 more than she would have earned had there not been a pandemic. Consequently, there is no reason she should have skipped 12 monthly mortgage payments prior to and while she was in a confirmed chapter 13 plan. The motion has not been brought in good faith.

    Trustee has been provided with some but not all of Debtors bank statements from May 2020 to May 2021. Trustee has not been provided with the Venmo account statements or the account ending in 9544. Trustee's office has reviewed the bank statements that were provided and found that Debtors pays the majority of her expenses from online payments and automatic withdrawals.  Trustee attempted to determine where the $19,994 was spent that did not go to the mortgage payments and discovered the following:

    Cash withdrawals were made in the amount of $26,452.32 from her main accounts;
    Cash withdrawals from joint account were $1,268.20;
    Transfers to Venmo totaled $3340 (no statements provided)
    Debtor purchased a car for her minor son as well as a stereo and tattoo;
    Debtor made trips to Park City, California, and Disneyland;

On her trips Debtor would purchase designer items from Coach, Oakley, Kate spade, and Michael Kors (typically purses and sunglasses) over $800;

Debtor dis a significant amount of online shopping from local retailers that far exceeded what she budgeted for clothing, gifts and recreation; and

Although Debtor still owes restitution of approximately $59,000 that is not dischargeable, she continued to pay only $200 a month towards that obligation even though it will take over 24 more years to repay this obligation.

Trustee desires the two accounts not provided be turned over and the Debtor document what she spent $26,452.32 in cash on. It appears that funds may have been used to pay someone else's obligations.

    WHEREFORE, the Trustee,
    ☒ objects to the Debtor(s) Motion to Modify the Confirmed Plan.
    ☐ does not object to the Debtors' Motion to Modify the Confirmed Plan subject to the time for objections having passed.

DATED: October 24, 2021

    /s/ Kathleen McCallister
    Kathleen McCallister, Trustee

## CERTIFICATE OF SERVICE

**I, HEREBY CERTIFY** that on October 24, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Holly Sutherland
Attorney at Law
holly@averylaw.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Catherine Jennifer Cutler
5369 N. Borgnine Ave
Meridian, ID 83646


                                                              /s/ Kathleen McCallister
                                                            Kathleen McCallister, Trustee